AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# United States District Court

EASTERN DISTRICT OF TEXAS

Texarkana

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| SHANNON GUESS RICHARDSON | Case Number: 5:13CR00013-001 |
| | USM Number: 21213-078 |
| | Tonda Curry |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of an Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC § 175(a) | Developing, Producing, Possessing, and Transferring a Toxin for Use as a Weapon | 04/28/2013 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   all remaining of the Indictment   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/16/2014
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Michael H. Schneider
United States District Judge
Name and Title of Judge

7/17/14
Date

AO 245B  (Rev. 09/08) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page **2** of **6**

DEFENDANT: SHANNON GUESS RICHARDSON
CASE NUMBER: 5:13CR00013-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **216 months**

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant participate in an appropriate mental health treatment program, if eligible.
The defendant participate in the Inmate Financial Responsibility Program, if eligible.
The defendant be incarcerated at an appropriate medical facility, if eligible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page **3** of **6**

DEFENDANT: SHANNON GUESS RICHARDSON
CASE NUMBER: 5:13CR00013-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 5 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check. if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: SHANNON GUESS RICHARDSON
CASE NUMBER: 5:13CR00013-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall pay any financial penalty that is imposed by this judgment.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment and shall comply with any medication requirements as prescribed by the treatment provider. The defendant shall pay any cost associated with the treatment and testing.

The defendant is hereby restricted from distributing, receiving, selling, importing, or exporting any amount of any chemical that is used in manufacturing ricin. This injunction shall not apply to transactions that are excluded from the definition of regulated transactions under 21 USC Section 802(39).

Judgment — Page 5 of 6

DEFENDANT: SHANNON GUESS RICHARDSON
CASE NUMBER: 5:13CR00013-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 367,222.29 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| FEDERAL BUREAU OF INVESTIGATION | $213,111.53 | $213,111.53 | 0% |
| NEW YORK DEPT OF HEALTH AND MENTAL HYGIENE | $1,112.13 | $1,112.13 | 0% |
| NEW YORK POLICE DEPARTMENT | $8,000.00 | $8,000.00 | 0% |
| MARYLAND DEPT OF HEALTH AND MENTAL HYGIENE | $680.00 | $680.00 | 0% |
| BALTIMORE POLICE DEPARTMENT | $6,376.82 | $6,376.82 | 0% |
| DISTRICT OF COLUMBIA METRO POLICE DEPT | $4,260.00 | $4,260.00 | 0% |
| DALLAS COUNTY HEALTH AND HUMAN SERVICES | $6,500.00 | $6,500.00 | 0% |
| PUBLIC HEALTH LABORATORY OF EAST TEXAS | $4,500.00 | $4,500.00 | 0% |
| NATIONAL BIODEFENSE ANALYSIS AND COUNTERMEASURE CTR | $122,681.81 | $122,681.81 | 0% |
| **TOTALS** | $ 367,222.29 | $ 367,222.29 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SHANNON GUESS RICHARDSON
CASE NUMBER: 5:13CR00013-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____, or
    ☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Any restitution amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. §3572(d)(3). If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution still owed.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: the U.S. District Court, Fine & Restitution, 1910 E SE Loop 323 No 287, Tyler, TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 5:13-CR-13 |
| | § | (Judge Schneider) |
| SHANNON GUESS RICHARDSON | § | |

## FACTUAL RESUME

Investigation by the Federal Bureau of Investigation, United States Secret Service, and the United States Postal Inspection Service has disclosed the following facts, which I accept as true and correct, establishing that I, the defendant, **Shannon Guess Richardson**, violated 18 U.S.C. § 175(a) (possession of a toxin for use as a weapon):

1. Since in or about July 2011, I have resided in New Boston, Texas, in the Eastern District of Texas.

2. During that time, I have lived at 111 S. Maple Street in New Boston, Texas, with my husband, Nathan Richardson, and four of my sons.

3. Beginning on or about April 28, 2013, and continuing through at least May 3, 2013, I made several online purchases of items for the purpose of producing ricin. Specifically, I purchased castor bean seeds and sodium hydroxide (lye).

4. I understood that one way of deriving ricin from castor bean seeds was to soak the seeds in sodium hydroxide, peel and remove the shells of the seeds, and then grind the leftover mash to produce a pulpy, orange/brown-colored solid.

5. I used a silver Apple MacBook Pro laptop computer to order the ricin-making supplies. I made these online purchases from my home in New Boston, Texas.

6. One such purchase occurred on April 28, 2013. I ordered approximately 120 castor bean seeds from Whatcom Seed Co. I used my husband's name and our home address. I purchased the 15 packets of seeds using a Capital One Master Card that I had obtained in my husband's name. In connection with the purchase, I also provided an e-mail address – natedogr1980@yahoo.com – for an account that I had created in my husband's name.

7. On May 3, 2013, I created a PayPal account in my husband's name. I used the same Yahoo e-mail address (natedogr1980@yahoo.com) for this account. As forms of payment and verification, I used the same Capital One Master Card as well as a Discover Card that I had previously opened in my husband's name.

8. Using the PayPal account, I made the following online eBay purchases on May 3, 2013:

- 52 castor bean seeds;
- 100+ castor bean seeds;
- 10 lbs. of sodium hydroxide (food-grade lye);
- 100-piece 5cc luer-lock syringes; and
- 830-piece 26 gauge, 1.5" needles.

9. On or about May 2, 2013, I requested that the New Boston Post Office hold any mail addressed to my residence for the period of May 2, 2013-May 6, 2013.

10. On or about May 6, 2013, I requested that any mail addressed to my residence be forwarded to a post office box that I had at the New Boston Post Office.

Factual Resume - Page 2

11. I had previously obtained this post office box without my husband's knowledge. Also, I did not list my husband as one of the individuals who was permitted to have access to the box.

12. I directed mail to my post office box so that the ricin-making supplies would not be delivered to my house.

13. Between on or about May 2, 2013, and May 8, 2013, I picked up ricin-making supplies that had been delivered to the New Boston Post Office and took them to my home.

14. The supplies that I had ordered were used to manufacture ricin.

15. On or about May 19, 2013, I created two Microsoft Word files using my pink Dell laptop computer. I saved the files onto a removable SD card. These files were subsequently used to create threat letters.

16. On or about May 19, 2013, I created the following three mailing labels using my pink Dell laptop computer:

> Obama
> The White House
> 1600 Pennsylvania Ave nw
> Washington,DC 20500
>
> Mayor Michael Bloomberg
> City Hall
> New York,NY 10007
>
> Mark Glaze
> The Raben group
> 1640 Rhode island ave nw
> Suite 600
> Washington,DC 20036

17. I saved the file containing the mailing labels onto a removable SD card.

18. On the morning of May 20, 2013, my husband went to work at approximately 6:00 a.m.

19. After he left the house, I printed the mailing labels for President Barack Obama, New York City Mayor Michael Bloomberg, and Mark Glaze with The Raben Group. I then placed the labels onto stamped envelopes.

20. That morning, I also printed and read the threat letters.

21. One letter stated:

> You will have to kill me and my family before you get my guns. Anyone wants to come to my house will get shot in the face. The right to bear arms is my constitutional God given right and I will excersice that right til the day I die. whats in this letter is nothing compared to what ive got planned for you.

22. The other letter stated:

> You will have to kill me and my family before you get my guns. Anyone wants to come to my house will get shot in the face. I served in the united states army and because your muslim ass will probly never be able to retire. I will have to work until I take my last breath. I deserve better and so do my wife and kiddos. I will take care of this myself and make sure you wont be runnin this country in the ground any further. What's in this letter is nothing compared to what ive got in store for you mr president.

23. I then placed ricin onto the letters.

24. Later on May 20, 2013, I took the threat letters containing ricin to the New Boston Post Office and deposited them into the box for outgoing mail.

25. When I mailed the letters, I knew that ricin is a biological toxin that can be fatal if ingested, inhaled, or injected and that there is no known antidote or cure for ricin

poisoning. I also knew that some individuals, including but not limited to those people who actually handled the letters, would be exposed to the ricin.

26. On May 30, 2013, I traveled alone to the Shreveport Police Department in Shreveport, Louisiana. There, I reported that my husband was responsible for the ricin-laced letters mailed to President Barack Obama, Mayor Michael Bloomberg, and Mark Glaze.

27. When I was subsequently interviewed by federal law enforcement officials, I made numerous false statements about my involvement in this unlawful activity.

I hereby stipulate that the facts described above are true and correct and accept them as the uncontested facts of this case.

Dated: 12-10-13

_____
SHANNON GUESS RICHARDSON
Defendant

I have reviewed this Factual Resume with my client, **Shannon Guess Richardson**. Based upon my discussions with my client, I am satisfied that she understands the terms and effects of the Factual Resume and that she is signing this Factual Resume voluntarily.

Dated: 12-10-13

_____
FONDA L. CURRY
Attorney for Defendant

Factual Resume - Page 6